IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

INA JEAN DENNY,

      Plaintiff,

v.                                        No. Civ. 05-1313 LH/KBM

PATRICIA MADRID, Attorney General,
EUGENIO MATHIS, Judge District Court, San
Miguel County, PAT PATRICK, President Pendaries
Village, Rociada,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Pat Patrick's "Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction," filed January 24, 2006 (Doc. No. 3), Defendant Patricia A. Madrid's "Motion to Dismiss," filed January 24, 2006 (Doc. No. 4), and Defendant Patricia Madrid and Defendant Eugenio Mathis' "Motion to Dismiss Complaint," filed February 16, 2006 (Doc. No. 15). This Court, having considered the motions, memoranda, pleadings, and applicable law, concludes that Defendants' motions are well-taken and should be granted. Plaintiff's complaint will be dismissed in its entirety.

**I.  Background**

Plaintiff Ina Jean Denny allegedly owns a home in Pendaries Village. This lawsuit arises out of Plaintiff's dispute with the Board of Directors of her homeowners' association (the "Board") over decisions made by the Board concerning homeowners' association issues ranging from water improvement studies, golf cart trail fees, and assessments. On December 16, 2005, Plaintiff filed a "Complaint for Damages, from Wrongdoing, Negligence, Failure to Render Due

Process, Unlawful Court Procedures, Usurpation of Un-Granted Powers in Covenant Usage Involving Expenditures" against Patricia Madrid, the New Mexico Attorney General; Judge Eugenio Mathis, a state district judge in the Fourth Judicial District Court of the State of New Mexico; and Pat Patrick, the alleged president of the homeowners' association encompassing Pendaries Village. (Doc. No. 1). Plaintiff requests $15,000 in damages for "past and present Assessments" as well as an order to dissolve the Board, to allow owners to appoint a manager to handle the business of the homeowners' association, and to force the association to hold open meetings. *Id.* at 2.

On January 24, 2006, Defendant Patrick filed a motion to dismiss for lack of jurisdiction. (Doc. No. 3). On January 30, 2006, Plaintiff filed a responsive pleading entitled "Motion to Continue to [sic] Trial for a Deserving Case," arguing that her claim was based on the "Constitutional right to Due Process; she has claimed no other reason." (Doc. No. 6 at 2). Defendant Patrick filed a reply in support of his motion, (Doc. No. 8, filed February 3, 2006), and Plaintiff filed an "Answer to Reply Brief of Pat Patrick," (Doc. No. 12, filed February 14, 2006).

On January 24, 2006, Defendant Madrid filed a motion to dismiss based on prosecutorial immunity. (Doc. No. 4). Plaintiff filed a "Reply to Motion to Dismiss," (Doc No. 7, filed January 30, 2006) requesting that the Court deny Defendant Madrid's motion. Plaintiff argued that Defendant Madrid has a duty to support citizens' rights to due process and that Defendant Madrid must be "held accountable for her failure to act in support of Property owners of Pendaries." *Id.* at 1.

Defendants Madrid and Mathis subsequently filed an additional motion to dismiss Plaintiff's complaint for failure to state a claim and based on the *Rooker-Feldman* doctrine. (Doc.

No. 15, filed February 16, 2005). On March 3, 2006, Plaintiff filed a "Reply to Memorandum in Support of Motion to Dismiss Complaint." (Doc. No. 19). Plaintiff's response did not cite any legal authority, but rather merely reiterated that Defendant Madrid failed to act on Plaintiff's complaints to her regarding the Board and that Defendant Mathis "dismissed and refused [Plaintiff's] Jury, already paid." *Id.* at 1.

## II.     Standard

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). A court must construe a *pro se* plaintiff's complaint liberally under these standards, but at the same time, a court should dismiss a *pro se* plaintiff's claims that are supported only by vague and conclusory allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Similarly, in reviewing a Rule 12(b)(1) motion that facially attacks the sufficiency of the complaint's allegations as to subject matter jurisdiction, the court presumes that all of the allegations contained in the complaint are true. *Ruiz v. McDonnell*, 299

F.3d 1173, 1180 (10th Cir. 2002).

### III.     Discussion

#### A.     Jurisdiction

Plaintiff's complaint does not allege the jurisdictional basis upon which she brings her federal suit. The Court will nevertheless examine the facts alleged in Plaintiff's complaint to determine whether the Court has jurisdiction based on either diversity or the existence of a federal question.

##### 1.     Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. In order to establish diversity jurisdiction, the pleader must thus allege both diversity of citizenship and an amount in controversy greater than $75,000.00. The burden is on the party asserting jurisdiction to show it does not appear to a legal certainty that the claim is less than the jurisdictional amount. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

In this case, construing Plaintiff's complaint in the light most favorable to her, the Court cannot find jurisdiction based on diversity as Plaintiff has not established either the citizenship or the amount in controversy requirements. On the face of her complaint, Plaintiff expressly asks for "Judgment in the amount of $15,000.00 to cover past and present Assessments." Compl. at 2. This amount is clearly less than the minimum requisite $75,000.00 required under 28 U.S.C. § 1332(a) for this Court to have jurisdiction based on diversity. Moreover, Plaintiff has not alleged the citizenship of the parties or shown that the parties' citizenship is diverse. Accordingly,

this Court does not have jurisdiction over Plaintiff's case based on diversity.

### 2.     Federal Question

28 U.S.C. § 1331 provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must identify the statute or constitutional provision under which the claim arises as well as allege sufficient facts to show that the case does, indeed, arise under federal law. *Id.* Even where the complaint alleges that there is federal question jurisdiction, the suit will be dismissed for lack of jurisdiction "when the claim is too insubstantial for consideration or is wholly insubstantial and frivolous." *Id.* (internal quotations and citations omitted).

Plaintiff alleges in the title of her complaint that the complaint is for, among other things, "Failure to Render Due Process." Compl. at 1. Plaintiff does not, however, allege any specific facts in the body of her complaint that would demonstrate that she has a non-frivolous federal due process claim. Rather, the facts alleged show that her claim arises out of a dispute with the Board of her homeowners' association concerning decisions the Board made regarding its budget, assessments it levied, water studies it ordered, and golf cart trail fees it imposed. A dispute with a non-governmental Board does not raise any non-frivolous federal due process claim. In any event, the Board is not even a named defendant in this suit.

The facts alleged as to the named defendants also do not state a federal due process claim that is not wholly insubstantial. Plaintiff alleges that her claim against Defendant Madrid is for "Negligence of the Attorney General, who for FOUR YEARS has refused to investigate a

5

crippling set of actions." Compl. at 2.  By the terms of her own complaint, Plaintiff has alleged a negligence claim, not a federal due process claim, against Defendant Madrid.  As for Plaintiff's claim against Defendant Mathis, the facts underlying the claim demonstrate that Plaintiff is seeking to reverse Judge Mathis' decision denying Plaintiff a jury trial in state court.  Plaintiff has merely alleged that the ruling was "unfair," not that she was denied due process.  Plaintiff therefore has not alleged a non-frivolous due process claim against Defendant Mathis.  Finally, the only facts asserted regarding Defendant Patrick is that "President Patrick has publicly admitted that the homes don't sell."  Compl. at 2.  Once again, Plaintiff has not alleged sufficient facts to show that she has a non-frivolous federal due process claim against Defendant Patrick, a private citizen.  *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446 (10th Cir. 1995) (violation of Fourteenth Amendment requires that wrongs be committed by state actor).

In sum, even though Plaintiff states in the title of her complaint that her complaint is for failure to render due process, Plaintiff has not alleged sufficient facts against any of the defendants to show that she does, indeed, have a federal due process claim that is not wholly insubstantial or frivolous.  Because the Court finds that Plaintiff's federal due process claim against each defendant is frivolous and devoid of merit, Plaintiff cannot demonstrate federal question jurisdiction.  Accordingly, this Court does not have jurisdiction over Plaintiff's case based on federal question jurisdiction.

### B.     Federal claims fail on their merits

Even if Plaintiff's federal due process claims were not frivolous and this Court had federal question jurisdiction, this Court nevertheless finds that Plaintiff's federal claims against each defendant should be dismissed on their merits based on the following reasons.

### 1.     Defendant Madrid

Plaintiff's complaint alleges a claim for "Negligence of the Attorney General, who for FOUR YEARS has refused to investigate a crippling set of actions." Compl. at 2. Although this Court has already determined that this claim is for negligence, even if Plaintiff had stated a federal due process claim brought under 42 U.S.C. § 1983[1] against Defendant Madrid, the claim must be dismissed because Defendant Madrid is entitled to absolute prosecutorial immunity.

A prosecutor is entitled to absolute immunity from damages under 42 U.S.C. § 1983 when she initiates prosecution and presents a State's case. *Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988). Although a prosecutor acting as an investigator has only qualified immunity, the Tenth Circuit has clarified that preliminary decisions whether to investigate and prosecute are adversarial in nature, entitling the prosecutor to absolute immunity. *Id.* Thus, a state attorney general's alleged failure to initiate a civil or criminal complaint and decision not to prosecute are actions that fall within the parameters of absolute immunity. *Id.*

In this case, Plaintiff's allegations against Defendant Madrid relate to her refusal to investigate Plaintiff's complaints against the Board. Defendant Madrid's decision not to initiate either a civil or criminal investigation into the matters referred to her by Plaintiff is an adversarial decision, entitling her to absolute immunity. Therefore, had Plaintiff stated a federal due process claim against Defendant Madrid, that claim would be dismissed on its merits.

### 2.     Defendant Mathis

Similarly, even if Plaintiff's claim against Defendant Mathis were not frivolous, Plaintiff's claim must nonetheless be dismissed because Defendant Mathis is entitled to judicial immunity and

---

[1]42 U.S.C. § 1983 makes constitutional due process rights actionable in federal court.

Plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

### a.    Judicial Immunity

"[A] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357-57 (1978)).  To determine whether judicial immunity applies, a court must "determine whether a judge performed a 'judicial' act or acted 'in the clear absence of jurisdiction' by looking to 'the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* (quoting *Sparkman*, 435 U.S. at 362).

Plaintiff's allegations against Judge Mathis are based on his throwing out her "PAID for JURY" such that Plaintiff's "case went unhear[d]" and her "filing and Jury fees were not returned."  Compl. at 1.  Based on these assertions, it is unclear whether Plaintiff's claims arise out of her state case being dismissed in its entirety or merely out of Judge Mathis' decision to deny Plaintiff a jury, versus a bench, trial.  Under either interpretation, the acts by Judge Mathis of which Plaintiff complains are his rulings on judicial matters, which are clearly judicial functions normally performed by a judge.  Moreover, there is no indication that Judge Mathis did not have jurisdiction to decide the issue of whether Plaintiff was entitled to a jury trial or whether Plaintiff's case should be dismissed.  Accordingly, Judge Mathis is entitled to absolute judicial immunity in this case.  *See Hunt*, 17 F.3d at 1266 (judge entitled to absolute judicial immunity for alleged acts that occurred while presiding over plaintiff's criminal trial).

### b.    *Rooker-Feldman* Doctrine

Moreover, Plaintiff's claim against Judge Mathis must be dismissed based on the *Rooker-*

*Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a state-court judgment. *Mo's Express, LLC v. Sopkin*, __ F.3d __, 2006 WL 787810, *3 (10th Cir. Mar. 29, 2006). "*Rooker-Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment." *Bolden v. City of Topeka*, __ F.3d __, 2006 WL 701151, *11 (10th Cir. Mar. 21, 2006) (citation omitted). The doctrine applies where a state-court loser brings a federal case complaining of injuries caused by the state-court judgment and inviting the federal court to review and reject the judgment. *Mo's Express*, __ F.3d __, 2006 WL 787810 at *4. In determining whether the doctrine applies, the federal court must ask whether the state-court judgment caused the injury for which the plaintiff seeks redress. *Id.* at *7. Where the requested relief would not undo or reverse the state-court judgment, the doctrine does not apply. *Id.* Courts must apply the *Rooker-Feldman* doctrine narrowly and should not use the doctrine as a substitute for ordinary principles of preclusion. *Id.* at *4.

Plaintiff's claims before this Court against Defendant Mathis seek to undo or reverse the effect of the ruling in state court. Plaintiff argues that the state court's ruling itself inflicted her injury. Plaintiff alleges that Judge Mathis "threw out my PAID for JURY," that Judge Mathis "needs to be told that a Jury trial is a RIGHT," and that Plaintiff's "filing and Jury fees were not returned." Compl. at 1. Plaintiff requests that this Court "consider . . . the illegal and unfair ruling of judge [sic] Mathis." *Id.* at 2. Plaintiff's complaint thus places the state-court decision specifically at issue, expressly asking this Court to consider the state-court ruling. Moreover, the

9

relief Plaintiff seeks, while not entirely clear, appears to be return of her "filing and Jury fees" or an injunction to enforce Plaintiff's right to a jury trial. Such relief would undo or reverse the state-court ruling. Plaintiff's suit against Judge Mathis thus amounts to an appeal of the state-court decision, and thus, the *Rooker-Feldman* doctrine prohibits Plaintiff's claims against Judge Mathis.

### 3. Defendant Patrick

To the extent Plaintiff's complaint can be interpreted as asserting a non-frivolous federal due process claim against Defendant Patrick, that claim nevertheless must be dismissed for failure to state a cause of action. The Due Process Clause of the Fourteenth Amendment provides: "No *State* shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1 (emphasis added). A violation of the Due Process Clause requires that the wrongs be committed by a state actor. *See Gallagher*, 49 F.3d at 1446; *see also Wasko v. Silverberg*, 103 Fed. Appx. 332, 334 (10th Cir. 2004) (unpublished opinion). If there is no state actor, there is no federal cause of action. *Wasko*, 103 Fed. Appx. at 334. Plaintiff has not alleged in her complaint any facts to suggest that Defendant Patrick is a state actor. Although Defendant Patrick may have been president of the Board, the Board is a private entity and there is no allegation or evidence that the Board acts on behalf of the State. Plaintiff's federal due process claim against Defendant Patrick must therefore be dismissed as meritless.

### C. Supplemental Jurisdiction

28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over state law claims over which the district court does not have original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." This Court has

10

already determined that it does not have diversity or federal question jurisdiction over Plaintiff's claims. This Court has also concluded that, even if Plaintiff asserted federal due process claims that were not frivolous, the claims should nonetheless be dismissed on their merits. The Court has therefore dismissed all claims over which it has original jurisdiction. To the extent Plaintiff has alleged any colorful state law claim, this Court declines to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367(c)(3). Any remaining state claims will thus be dismissed.

**IT IS THEREFORE ORDERED** that

1. Defendant Patrick's motion to dismiss (Doc. No. 3) is **GRANTED**;

2. Defendant Madrid's motion to dismiss (Doc. No. 4) is **GRANTED**;

3. Defendant Madrid and Defendant Mathis' motion to dismiss (Doc. No. 15) is **GRANTED**; and

4. Plaintiff's complaint is **DISMISSED** in its entirety.

        s/Electronically signed by Hon. C. LeRoy Hansen
        SENIOR UNITED STATES DISTRICT JUDGE