IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

INA JEAN DENNY,

       Plaintiff,

v.                                                            No. Civ. 05-1313 LH/KBM

PATRICIA MADRID, Attorney General,
EUGENIO MATHIS, Judge District Court, San
Miguel County, PAT PATRICK, President Pendaries
Village, Rociada,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's "Reply to Opinion and Order, and Motion for Trial, According to Constitutional Law," filed April 17, 2006 (Doc. No. 23). The Court, having considered Plaintiff's motion, finds that it is without merit and should be denied without the need for a response from Defendants.

**I.  Legal Standard**

Plaintiff does not specify the particular rule of procedure under which her pleading is filed. A motion filed within ten days of the entry of a judgment, questioning the correctness of the judgment, is properly considered a Rule 59(e) motion under the Federal Rules of Civil Procedure. *See Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). Nevertheless, courts should evaluate a motion filed within ten days of a judgment based on the reasons expressed by the movant, not merely on the timing of the motion. *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005). Where a plaintiff seeks to reconsider matters properly encompassed in a decision on the merits, the motion should be analyzed under Rule 59(e). *See id.* at 854. In this case, Plaintiff's

motion was filed on April 17, 2006, only five days after entry of the Final Judgment on April 12, 2006, and seeks to alter the substantive ruling of this Court.  Moreover, Plaintiff has not asked for reconsideration using any language that invokes Rule 60(b)'s subsections.  Accordingly, the Court will evaluate Plaintiff's motion under Rule 59(e).

A Rule 59(e) motion to alter or amend the judgment should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).  Rule 59(e) may not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2810.1 (1995).  In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error.  *See, e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  The decision whether to grant or deny a Rule 59(e) motion is committed to the discretion of the trial judge.  *See Phelps*, 122 F.3d at 1324.

**II.     Discussion**

Plaintiff seeks relief from the Final Judgment entered in this case dismissing her complaint in its entirety.  In support of her motion, Plaintiff attached the following exhibits:  (1) a copy of the first page of Plaintiff's "Reply to Motion to Dismiss" (Doc. No. 7); (2) an April 3, 2006 bill for finance charges allegedly owed by Plaintiff to the Pendaries Village Community Association; (3) a letter drafted by Plaintiff to Defendant Patrick on June 6, 2001, detailing the damage to Plaintiff's property allegedly caused when the Pendaries Village Association turned off the water and heat to Plaintiff's house; (4) a letter drafted by Plaintiff to Defendant Madrid on

2

November 13, 2003, requesting that the New Mexico Attorney General investigate actions taken by the Pendaries Village Association; (5) the Pendaries Village Community Association's Budget dated October 31, 2005; (6) the Pendaries Village Community Association's Summary Income Statement dated July 31, 2001; and (7) a copy of the last page of the Court's Memorandum Opinion and Order entered in this case dismissing Plaintiff's complaint (Doc. No. 21).  The Court has examined this evidence and finds that it is not newly discovered evidence and that it is not relevant to this Court's order dismissing Plaintiff's complaint.  Plaintiff's evidence does not change this Court's determination that Plaintiff's complaint does not allege sufficient facts to establish diversity jurisdiction or to show that Plaintiff stated a non-frivolous federal claim against any of the defendants in her complaint.  Nor is Plaintiff's evidence relevant to this Court's conclusions that Defendant Madrid is entitled to prosecutorial immunity, that Defendant Mathis is entitled to judicial immunity, that the *Rooker-Feldman* doctrine precludes Plaintiff's claims against Defendant Mathis, and that Plaintiff cannot state a valid due process claim against Defendant Patrick because she has not alleged any state action by Defendant Patrick.

Furthermore, Plaintiff has submitted no authority to the Court in support of her motion that would suggest the Court erred in its interpretation of the law.  Plaintiff's mere conviction that there is jurisdiction, that the *Rooker-Feldman* doctrine is not applicable, and that Defendant Madrid is not entitled to prosecutorial immunity does not persuade this Court that its prior rulings are incorrect.  Plaintiff has thus failed to meet her burden under Rule 59(e) that would justify altering or amending the judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Reply to Opinion and Order, and Motion for Trial, According to Constitutional Law (Doc. No. 23) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE