IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

INA JEAN DENNY,

        Plaintiff,

v.                                           No. Civ. 05-1313 LH/KBM

PATRICIA MADRID, Attorney General,
EUGENIO MATHIS, Judge District Court, San
Miguel County, PAT PATRICK, President Pendaries
Village, Rociada,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant Pat Patrick's "Motion for Rule 11 Sanctions" (filed May 4, 2006, Doc. No. 25). After reviewing the briefs and relevant law, the Court concludes that Defendant's motion should be denied.

        Rule 11 relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, including a *pro se* party, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed. *Eisenberg v. University of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). Sanctions may be appropriate where a litigant fails to make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law. *See White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

        Although the Court concluded in its Memorandum Opinion and Order (filed April 12, 2006, Doc. No. 21) that Plaintiff's claims should be dismissed for lack of jurisdiction and on their merits, the Court nevertheless does not believe that Plaintiff's actions rise to the level of sanctions. Rule 11 sanctions are in derogation of the general American policy of encouraging

resort to the courts for peaceful resolution of disputes.  In light of the fact that Plaintiff is unrepresented and lacks legal training, this Court concludes that the present case is not sufficiently unmeritorious or frivolous to warrant Rule 11 sanctions.

Furthermore, it does not appear from the materials presented that Defendant complied with the procedural requirements for filing a motion for sanctions under Rule 11.  A motion for sanctions under Rule 11 may not be "filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(1)(A).  This safe harbor provision is designed to allow the non-movant to withdraw or correct the offending contention.  The safe harbor provision is mandatory. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)).  In this case, the record does not establish that Defendant complied with Rule 11's safe harbor provision, as Defendant does not appear to have served Plaintiff with his motion 21 days in advance of its filing.  Defendant also waited to file the motion for sanctions after the Court dismissed Plaintiff's complaint, and thus, Plaintiff was not provided a chance to withdraw or correct her challenged claims, which is the purpose of the safe harbor provision.  Defendant's motion for Rule 11 sanctions is thus not timely.  *See Hutchinson v. Pfeil*, 208 F.3d 1180, 1183-84 (10th Cir. 2000) (where motion for attorney's fees was filed after summary judgment, long after disposition of interlocutory disputes cited as sanctionable conduct, reliance on Rule 11 was untimely and in violation of safe harbor provision).  For these reasons, the Court finds that Rule 11 sanctions should not be imposed against Plaintiff.

The Court, however, cautions Plaintiff to review carefully the requirements of Fed. R. Civ.

P. 11 before filing any future suits in federal court. Plaintiff's history of repeatedly filing suits in federal court that lack subject matter jurisdiction may cause the Court to be less forgiving in the future and warrant the Court to impose Rule 11 sanctions if Plaintiff brings another frivolous suit.

**IT IS THEREFORE ORDERED** that Defendant Pat Patrick's "Motion for Rule 11 Sanctions" (Doc. No. 25) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE